# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-141** |
| **MYRON SAUNDERS** | **SECTION: G** |

## ORDER

Before the Court are Defendant Myron Saunders's ("Saunders") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[1] and "Motion to Supplement Pursuant to Rule 15C of Federal Rules of Civil Procedure."[2] After considering the motions, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will grant the "Motion to Supplement Pursuant to Rule 15C of Federal Rules of Civil Procedure"[3] and deny the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[4]

## I. Background

### A.    *Factual Background*

On March 23, 2012, Saunders was charged in a 6-count indictment with: conspiracy to commit bank robbery (Count 1); armed bank robbery on June 24, 2011 (Count 2); using and carrying a firearm

---

[1] Rec. Doc. 224.

[2] Rec. Doc. 240.

[3] *Id.*

[4] Rec. Doc. 224.

during an armed bank robbery on June 24, 2011 (Count 3); armed bank robbery on November 5, 2011 (Count 4); attempted bank robbery on December 10, 2011 (Count 5); and attempted bank robbery on December 24, 2011 (Count 6).[5] A jury trial in this matter commenced on June 24, 2013.[6] After a six day trial, the jury found Saunders guilty of Counts 1, 2, 3, 4, and 6, and acquitted him on Count 5.[7]

On July 15, 2013, Saunders filed a "Motion for a New Trial,"[8] which the Court denied on November 13, 2013.[9] On January 30, 2014, the Court sentenced Saunders to a term of 60 months imprisonment as to Count 1, 168 months imprisonment as to Count 2 to run concurrently, 60 months imprisonment as to Count 3 to run consecutively, 168 months imprisonment at to Count 4 to run concurrently, and 168 months imprisonment as to Count 6 to run concurrently, for a total term of 228 months imprisonment.[10] Saunders filed a timely Notice of Appeal.[11] On April 13, 2015, the United States Fifth Circuit Court of Appeals affirmed Saunders' conviction and sentence.[12]

**B.  *Procedural Background***

On October 6, 2016, Saunders filed a timely motion to vacate his sentence.[13] On December 13, 2016, the Government filed an opposition to Saunders's motion to vacate, and an affidavit of

---

[5] Rec. Doc. 8.

[6] Rec. Doc. 124.

[7] Rec. Doc. 134-3.

[8] Rec. Doc. 140.

[9] Rec. Doc. 181.

[10] Rec. Doc. 193 at 2.

[11] Rec. Doc. 198.

[12] Rec. Doc. 219.

[13] Rec. Doc. 224.

Saunders's trial counsel Brian Capitelli ("Capitelli").[14] On December 30, 2016, Saunders filed a "Rebuttal of Affidavit" opposing Capitelli's affidavit.[15] On January 23, 2017, with leave of Court, Saunders filed a reply brief in further support of his motion to vacate.[16] On February 13, 2017, Saunders filed a "Motion to Supplement Pursuant to Rule 15C of Federal Rules of Civil Procedure," requesting leave of Court to provide supplemental evidence in support of his motion to vacate.[17] On March 10, 2017, the Government filed a sur-reply brief in further opposition to Saunders's motion to vacate.[18]

## II. Parties' Arguments

### A. Saunders's Motion to Vacate

On October 6, 2016, Saunders filed a timely motion to vacate his sentence.[19] Saunders raises four issues in his motion: (1) the evidence was insufficient to support his conviction of armed bank robbery; (2) ineffective assistance of counsel; (3) the five-level enhancement applied at sentencing for abduction was unconstitutional; and (4) due process violations resulted from the prosecutor's improper statements.[20]

First, Saunders argues that the evidence in the record is insufficient to support his conviction

---

[14] Rec. Doc. 230.

[15] Rec. Doc. 232.

[16] Rec. Doc. 236.

[17] Rec. Doc. 240.

[18] Rec. Doc. 243.

[19] Rec. Doc. 224.

[20] Id.

for armed bank robbery.[21] Saunders asserts that "witness testimony falls outside the record."[22] He requests that discovery be reopened pursuant to Rule 6 of the Rules Governing Section 2255.[23]

Second, Saunders contends that he received ineffective assistance of counsel.[24] Specifically, Saunders argues that his counsel did not investigate or present to the jury his alibi defense.[25] Saunders also argues that his counsel never challenged his misidentification.[26]

Third, Saunders asserts that the five-level enhancement applied at sentencing for abduction was unconstitutional.[27] Saunders contends that the Court was without jurisdiction to impose the sentencing enhancement.[28] He argues that he was not on notice of the charge by an indictment, and that it was a due process violation for the Court to impose punishment for the abduction.[29]

Finally, Saunders asserts that he was deprived of his liberty without due process of law.[30] He argues that the prosecutor improperly made credibility statements about the testimony of a witness for the prosecution during closing arguments.[31] He also contends that the alleged victims of the crime

---

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 5.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 6.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 8.

[31] *Id.*

improperly identified him at trial.[32]

## B.     The Government's Opposition

On December 13, 2016, the Government filed a memorandum in opposition to Saunders's motion.[33] First, the Government contends that Saunders is procedurally barred from raising a sufficiency of the evidence claim on collateral review because he failed to raise this claim on direct appeal.[34] The Government notes that a petitioner may only raise a constitutional claim for the first time on collateral review if he can demonstrate "cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error."[35] Here, the Government notes that Saunders offers no evidence to show why the sufficiency of the evidence claim was not raised on direct appeal.[36] Moreover, the Government argues that there was overwhelming evidence offered at trial to satisfy the elements of Saunders's convictions, and Saunders failed to present any new evidence to suggest that he is actually innocent.[37] Therefore, the Government contends that Saunders is procedurally barred from raising this issue on post-conviction relief.[38]

Second, the Government contends that Saunders's ineffective assistance of counsel claims are without merit.[39] The Government argues that Saunders provides no evidence to show that a witness

---

[32] *Id*.

[33] Rec. Doc. 230.

[34] *Id*. at 4–5 (citing *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972)).

[35] *Id*. at 5 (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[36] *Id*. at 6.

[37] *Id*. (citing Rec. Doc. 561-1 at 2).

[38] *Id*.

[39] *Id*. at 6–8.

could have provided Saunders with an alibi and would have testified at trial.[40] Moreover, the Government relies on an affidavit provided by Saunders's counsel, Brian Capitelli, which states that counsel "specifically requested that [Saunders] provide any information that could be utilized to provide an alibi defense in this matter," but Saunders failed to provide any information.[41] As for Saunders's argument that his counsel neglected to challenge his misidentification, the Government asserts that this claim is a blatant misrepresentation that is refuted by the record.[42] The Government notes that Saunders's counsel filed additional briefing and another motion to suppress Saunders's identification.[43] Therefore, the Government contends that Saunders's ineffective assistance of counsel claims are unavailing.[44]

Third, the Government avers that Saunders's argument that the Court was without jurisdiction to impose the sentencing enhancement for abduction is not cognizable on post-conviction relief.[45] The Government notes that Saunders raised this issue on appeal, and the Fifth Circuit determined that this Court did not err in applying the abduction enhancement.[46] According to the Government, it is impermissible to consider an issue on post-conviction relief that was decided on direct appeal.[47]

Finally, the Government argues that Saunders is procedurally barred from raising a claim that

---

[40] *Id*. at 7.

[41] *Id*. (citing Rec. Doc. 230-1 at 2).

[42] *Id*. at 7.

[43] *Id*. at 7–8 (citing Rec. Docs. 92, 94, 111, 119).

[44] *Id*. at 8.

[45] *Id*.

[46] *Id*.

[47] *Id*. (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)).

the prosecutor made improper statements because this issue was not raised on direct appeal before the Fifth Circuit.[48] However, the Government notes that this issue was raised in Saunders's motion for new trial before this Court.[49] The Government notes that this Court found that the prosecutor's comments were not improper, "[c]onsidering the magnitude of the prejudicial effect of such comments within the context of the full trial."[50] Accordingly, the Government submits that this claim should be denied.[51]

## C.     Saunders's "Rebuttal of Affidavit"

On December 30, 2016, Saunders filed a "Rebuttal of Affidavit" opposing Capitelli's affidavit.[52] Saunders asserts that Capitelli's affidavit is false.[53] Saunders contends that he told Capitelli about his alibi defense, but Capitelli refused to act on it.[54] Saunders avers that the Government filed a motion in limine to exclude his alibi defense.[55] Saunders states, "If Mr. Saunders did not provide information for an alibi defense, why would the Government need to file a motion in limine to exclude it?"[56]

---

[48] *Id*.

[49] *Id*. at 9 (citing Rec. Doc. 140-1 at 5–8).

[50] *Id*. (citing Rec. Doc. 181 at 43).

[51] *Id.*

[52] Rec. Doc. 232.

[53] *Id.* at 1.

[54] *Id.*

[55] *Id.*

[56] *Id.*

### D.    *Saunders's Reply Brief*

On January 23, 2017, with leave of Court, Saunders filed a reply brief in further support of his motion to vacate.[57] First, Saunders argues that his insufficiency of the evidence claim is not procedurally barred because he is innocent of the crimes charged.[58]

Second, Saunders contends that his ineffective assistance of counsel claims have merit.[59] He submits that there are witnesses who could have provided him an alibi defense, specifically that he was at the Mall of Louisiana when the crimes took place.[60] He asserts that he received ineffective assistance of counsel when his counsel failed to investigate this issue and call these witnesses at trial.[61]

Third, Saunders asserts that his claim that the abduction enhancement was unconstitutionally applied has merit.[62] He argues that the abduction enhancement is a separate crime that was not brought against him by an indictment.[63] Therefore, he contends that the Court lacked subject matter jurisdiction to impose the enhancement.[64]

Finally, Saunders asserts that his due process claim is not procedurally barred.[65] He argues that the prosecutor made improper statements during closing arguments, and these statements are in

---

[57] Rec. Doc. 236.

[58] *Id*. at 3.

[59] *Id*.

[60] *Id*. at 4.

[61] *Id*. at 4–5.

[62] *Id*. at 7.

[63] *Id*.

[64] *Id*.

[65] *Id*. at 8.

the Court's record.[66] Therefore, Saunders requests that the Court take judicial notice of the prosecutor's statements.[67]

### E.      *Saunders's Motion to Supplement*

On February 13, 2017, Saunders filed a "Motion to Supplement Pursuant to Rule 15C of Federal Rules of Civil Procedure," requesting leave of Court to provide supplemental evidence in support of his motion to vacate.[68] The supplemental evidence consists of six declarations Saunders received from individuals he contends could have testified at trial.[69]

First, Saunders presents a declaration completed by his co-defendant, Lamar Nero, on January 2, 2017.[70] In the declaration, Lamar Nero represents that he was not with Saunders on June 24, 2011, November 5, 2011, or December 24, 2011.[71] Lamar Nero further represents that he did not conspire with Saunders to commit bank robbery and that he believes Saunders is innocent of the charges filed against him.[72]

Second, Saunders presents a declaration completed by his sister, Mandria Saunders, on November 12, 2016.[73] In the declaration, Mandria Saunders represents that Saunders did not leave the home of Mardell Evans from the night of December 23, 2011, until 4:00 p.m. on December 24,

---

[66] *Id.*

[67] *Id.* at 9.

[68] Rec. Doc. 240.

[69] *Id.* at 3–17.

[70] *Id.* at 3–4.

[71] *Id.* at 4.

[72] *Id.*

[73] *Id.* at 5–6.

2011.[74]

Third, Saunders presents a declaration completed by his friend, Brian Washington, on November 7, 2016.[75] In the declaration, Brian Washington represents that he was with Saunders at the Mall of Louisiana in Baton Rouge, Louisiana, on November 5, 2011, from 7:30 a.m. until 2:15 p.m.[76]

Fourth, Saunders presents a declaration completed by his daughter, Destinee Esnault, on December 17, 2016.[77] In the declaration, Destinee Esnault represents that she was with Saunders at the Mall of Louisiana in Baton Rouge, Louisiana, on November 5, 2011, from 7:30 a.m. until 2:15 p.m.[78]

Fifth, Saunders presents a declaration completed by his sister, Misti Saunders, on November 7, 2016.[79] In the declaration, Misti Saunders represents that she was with Saunders at the Mall of Louisiana in Baton Rouge, Louisiana, on November 5, 2011, from 8:30 a.m. until 2:15 p.m.[80] Misti Saunders further represents that they left New Orleans between 7:15 a.m. and 7:30 a.m. to go to the Mall of Louisiana.[81]

Sixth, Saunders presents a declaration completed by his mother, Mardell Evans, on November

---

[74] *Id.* at 6.

[75] *Id.* at 7–9.

[76] *Id.* at 8.

[77] *Id.* at 10–12.

[78] *Id.* at 11.

[79] *Id.* at 13–15.

[80] *Id.* at 14.

[81] *Id.*

5, 2016.[82] In the declaration, Mardell Evans represents that Saunders did not leave her home from the night of December 23, 2011, until 4:00 p.m. on December 24, 2011.[83]

## F.    The Government's Sur-Reply Brief

On March 10, 2017, with leave of Court, the Government filed a sur-reply memorandum in further opposition to Saunders's motion to vacate.[84] In its sur-reply brief, the Government offers additional arguments as to why Saunders's claim that his counsel failed to investigate or present an alibi defense should be rejected.[85] The Government notes that at trial the Court asked Saunders if he had any questions, and Saunders indicated that he did not.[86] Therefore, the Government contends that Saunders had the opportunity to advise the Court at that time that his counsel failed to fully investigate his case.[87]

Moreover, the Government argues that Capitelli provided an affidavit that disputes Saunders's assertion.[88] The Government contends that it filed a motion in limine to exclude an alibi defense out of an abundance of caution.[89] It asserts that during the investigation of Saunders's case it learned that Saunders's cellular telephone geolocation records indicated that his cellphone was located near the Mall of Louisiana in Baton Rouge from approximately 1:11 p.m. to 2:45 p.m. on the afternoon of the

---

[82] *Id.* at 16–17.

[83] *Id.* at 17.

[84] Rec. Doc. 243.

[85] *Id*. at 3.

[86] *Id*.

[87] *Id*.

[88] *Id*. at 5.

[89] *Id*.

bank robbery.[90] The Government asserts that the Fidelity Bank in Metairie, Louisiana, was robbed at approximately 8:30 a.m., and it sought to prevent Saunders from attempting to use his cellphone's presence in Baton Rouge, Louisiana, on the afternoon of the robbery as an alibi defense.[91]

The Government argues that in its opposition memorandum it noted that Saunders failed to provide any evidence showing that a witness could have provided him with an alibi and would have testified to that fact at trial, and it was only after the Government highlighted this omission did Saunders supplement his motion with declarations from purported alibi witnesses.[92] However, the Government argues that the witnesses' proposed testimony would not have been favorable to Saunders's defense.[93] The Government contends that the declaration of Saunders's mother, Mardell Evans, indicates that Saunders was at her house from the night of December 23, 2011, until 4:00 p.m. on December 24, 2011,[94] but at trial Mardell Evans testified that she did not know where Saunders was on December 24, 2011.[95] The Government also notes that the declaration of Saunders's sister, Mandria Saunders, mirrors her mother's testimony.[96] Given the stark contradictions between this proposed testimony and the testimony at trial, the Government avers that the proposed testimony would not have been favorable to his defense.[97] Therefore, the Government contends that Saunders

---

[90] *Id.*

[91] *Id.*

[92] *Id.* at 6.

[93] *Id.* at 6–7.

[94] *Id.* at 7 (citing Rec. Doc. 240 at 17).

[95] *Id.* (citing Rec. Doc. 214 at 257).

[96] *Id.*

[97] *Id.*

has failed to meet his burden of proof with respect to this claim.[98]

### G.    *Saunders's Response to the Government's Sur-Reply Brief*

On June 9, 2017, Saunders filed a response to the Government's sur-reply brief.[99] Saunders objects to the Government's assertion that his sufficiency of the evidence claim is not cognizable.[100] Saunders contends that the declarations show that he was over an hour from the bank on the date of the robbery.[101] Saunders asserts that the prosecutor has a duty to remedy a conviction where he has clear and convincing evidence establishing that the defendant was convicted of an offense that he did not commit.[102] Saunders argues that the prosecutor has violated his oath by objecting to Saunders's alibi evidence.[103] Therefore, Saunders contends that the evidence compels one of two remedies: (1) a prompt evidentiary hearing; or (2) his immediate release from prison.[104]

## III. Standard of Review

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to

---

[98] *Id.*

[99] Rec. Doc. 245.

[100] *Id.* at 2.

[101] *Id.*

[102] *Id.* at 3–4.

[103] *Id.* at 4.

[104] *Id.*

collateral attack."[105] "The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."[106] Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[107]

An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,"[108] or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations."[109] The prisoner must establish his claims by a preponderance of the evidence.[110] If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[111]

## IV. Law and Analysis

### A.    *Motion to Supplement*

As an initial matter, Saunders requests leave to supplement his motion to vacate to provide supplemental evidence consisting of six sets of declarations completed by individuals Saunders

---

[105] 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[106] *Id.*

[107] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

[108] 28 U.S.C. § 2255(b).

[109] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see also United States v. Smith*, 915 F.2d 959, 964 (5th Cir.1990) ("If the record is clearly adequate to dispose of the allegations, the court need inquire no further.").

[110] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980).

[111] 28 U.S.C. § 2255(b).

contends could have testified at trial.[112] The Government does not oppose Saunders's motion to supplement.

"The Federal Rules of Civil Procedure apply to amendments and supplements of motions brought under 28 U.S.C. § 2255."[113] The Fifth Circuit has recognized that district courts should apply Federal Rule of Civil Procedure 15 in determining whether to grant a federal habeas petitioner leave to amend.[114] Rule 15 "gives discretion to the district court to grant leave to amend and states that '[t]he court should freely give leave when justice so requires.'"[115] Rule 15(a) "evinces a bias in favor of leave to amend. Unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[116]

In determining whether to grant leave to amend, the Court may consider whether: (1) the petitioner unduly delayed in raising the claim; (2) the request for leave to amend resulted from bad faith or a dilatory motive; (3) the petitioner had been given previous opportunities to cure deficiencies which he had failed to exercise; (4) the respondent would suffer undue prejudice; and (5) an amendment would be futile.[117] The Court may weigh in the movant's favor any prejudice that will

---

[112] Rec. Doc. 240.

[113] *United States v. Nabor*, 256 F. App'x 669, 670 (5th Cir. 2007) (citing 28 U.S.C. § 2242; Rules Governing Section 2255 Proceedings, Rule 12).

[114] *Id.*; *Flores v. Stephens*, 794 F.3d 494, 504 (5th Cir. 2015).

[115] *Id.* (quoting Fed. R. Civ. P. 15(a)).

[116] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (internal quotation marks and citations omitted). *See also Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("Discretion may be a misleading term, for rule 15(a) severely restricts the judge's freedom . . . .").

[117] *Id.* (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

arise from denial of leave to amend.[118] However, that consideration arises only if there are substantial reasons to deny the amendment.[119] Otherwise, Rule 15(a) "requires the trial judge to grant leave to amend whether or not the movant shows prejudice."[120] Finally, it is also appropriate for the Court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.[121]

Here, the Government does not oppose Saunders's motion to supplement or point to any substantial reason to deny amendment. Because the Government has not shown that the motion should not be granted based on undue delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility, the Court grants the motion for leave to supplement.

## B.    Procedural Default

Saunders's first claim is that the evidence in the record is insufficient to support his conviction for armed bank robbery.[122] Saunders's fourth claim is that he was deprived of his liberty without due process of law.[123] Specifically, Saunders argues that his due process rights were violated when the prosecutor improperly made credibility statements about the testimony of a witness for the prosecution during closing arguments.[124] He also contends that the alleged victims of the crime improperly identified him at trial.[125] In response, the Government argues that Saunders is procedurally

---

[118] *See Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (internal citations omitted).

[119] *Id.*

[120] *Id.*

[121] *Id.* (internal citations omitted).

[122] Rec. Doc. 224 at 4.

[123] *Id.* at 8.

[124] *Id*.

[125] *Id*.

barred from raising these claims because they were not raised on direct appeal.[126] The Government asserts that Saunders has not demonstrated cause for failing to raise the issue on direct appeal or actual prejudice resulting from the failure to consider these claims, because Saunders offered no reason for his failure to raise the claim on direct appeal and he did not present any new evidence to suggest that he is actually innocent of the crime.[127] In his reply brief, Saunders asserts that his claims are not procedurally barred because he is innocent of the crimes charged.[128] Saunders also presents supplemental evidence consisting of six declarations Saunders received from individuals he contends could have testified at trial to support his actual innocence claim.[129]

The Supreme Court has recognized that a "collateral challenge may not do service for an appeal."[130] Therefore, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[131] "Moreover, a defendant may not raise an issue constitutional or jurisdictional in nature for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error."[132] "If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a

---

[126] Rec. Doc. 230 at 4–6, 8–9.

[127] *Id*. at 5–6.

[128] Rec. Doc. 236 at 3.

[129] Rec. Doc. 240.

[130] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[131] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

[132] *Id.* (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (brackets and quotation marks omitted)).

complete miscarriage of justice."[133]

To establish "cause," the defendant must show that "some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances."[134] "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense."[135] To satisfy the prejudice standard, the defendant must "demonstrate[] that, but for the error, he might not have been convicted."[136] If a defendant fails to show cause for his procedural default, the Court "need not consider whether [the defendant] has shown prejudice."[137] The Supreme Court has also recognized an exception to the cause and prejudice test in the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent."[138]

Saunders did not raise his sufficiency of the evidence claim or his due process claim on direct appeal. Accordingly, Saunders is procedurally barred from raising these claims on post-conviction relief unless he can show cause for the procedural default and actual prejudice resulting from the alleged errors, or if he can establish that he is actually innocent of the crimes for which he was

---

[133] *Id.* (quoting *Shaid*, 937 F.2d at 232 n.7).

[134] *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (internal citations and quotation marks omitted).

[135] *Id.*

[136] *Id.* at 994.

[137] *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

[138] *Shaid*, 937 F.2d at 232 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

convicted.[139]

## 1.      Cause and Prejudice

Saunders offers no explanation or evidence to show cause as to why the sufficiency of evidence claim and due process claims were not raised on direct appeal. Therefore, Saunders has not established cause for his procedural default. Moreover, even assuming that Saunders could establish cause for the default, he has not shown any actual prejudice because he has not established that but for the alleged errors he would not have been convicted.

In reviewing a sufficiency of the evidence claim, "[t]he jury's verdict will be affirmed if any rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt."[140] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[141]

Saunders was convicted by the jury on five of the six counts charged against him in the Indictment.[142] There was evidence at trial offered to satisfy each of the elements of his convictions. As the Court noted in its November 14, 2013 Order denying Saunders's motion for a new trial, "the Government provided notable evidence at trial in the form of victim and eyewitness testimony,

---

[139] *Id.*

[140] *United States v. Charles*, 469 F.3d 402, 406 (5th Cir. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).

[141] *Jackson*, 443 U.S. at 319 (emphasis in original) (internal quotation marks and citations omitted).

[142] Rec. Doc. 8.

photographic and videotape evidence, DNA evidence as well as a significant amount of circumstantial evidence which pointed to [Saunders's] guilt in the crimes charged."[143] Therefore, a rational trier of fact could have found Saunders guilty beyond a reasonable doubt. Accordingly, Saunders has not established any actual prejudice to overcome the procedural bar to consideration of his sufficiency of the evidence claim.

As for Saunders's claim that the prosecutor made inappropriate closing arguments, this Court addressed this issue in its November 14, 2013 Order denying Saunders's motion for a new trial.[144] In that motion, Saunders argued that the prosecutor improperly "asserted his personal opinion regarding the credibility of a witness," and he spoke directly to the defendants in a manner "that incited the passions of the jury."[145] As the Court noted in that Order, improper comments by a prosecutor constitute reversible error sufficient to justify a new trial where the defendant's "right to a fair trial is substantially affected."[146] "In determining whether [a] prosecutor's remarks affected a defendant's substantial rights, the trial court should consider (1) the magnitude of the prejudicial effect of the statements; (2) the efficacy of any cautionary instructions; and (3) the strength of the evidence of defendant's guilt."[147] Considering the magnitude of the prejudicial effect of the prosecutor's statements within the context of the full trial, this Court found that the prosecutor's statements were

---

[143] Rec. Doc. 181 at 45.

[144] *Id.* at 41.

[145] *Id.*

[146] *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008).

[147] *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004).

not improper.[148] Moreover, the Court noted that it instructed the jury that attorneys' statements were not evidence, which the Court concluded proved efficacious in eliminating any potential prejudice considering that the jury returned a "not guilty" verdict with respect to Count 5.[149] Finally, the Court found that the Government had provided notable evidence at trial.[150] Saunders presents no new arguments regarding the prosecutor's statements in the instant motion. Accordingly, Saunders has not shown that the prosecutor's statements violated his right to a fair trial or any actual prejudice to overcome the procedural bar to consideration of his claim that the prosecutor's statements during closing arguments violated his due process rights.

To the extent that Saunders argues that his due process rights were violated by a witness misidentification, the Court addressed this issue on its June 12, 2013 Order denying Saunders's motion to suppress.[151] As the Court noted in its prior Order, the Supreme Court has held that "due process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary."[152] Moreover, even when the police use such a procedure, "suppression of the resulting identification is not the inevitable consequence."[153] Instead, courts must assess, "on a case-by-case basis, whether improper police conduct created a substantial likelihood of misidentification," and the "[r]eliability of the eyewitness identification is the linchpin of that

---

[148] Rec. Doc. 181 at 43.

[149] *Id.* at 43–44.

[150] *Id.* at 45.

[151] Rec. Doc. 99.

[152] *Perry v. New Hampshire*, 132 S.Ct. 716, 724 (2012) (citations omitted).

[153] *Id.* (citations omitted).

evaluation."[154] In its June 12, 2013 Order, the Court determined that the procedure used by the Jefferson Parish Sheriff's Office was unnecessary and impermissibly suggestive, creating a risk of misidentification, but that the witness's identification appeared untainted by the procedure and therefore reliable.[155] Saunders presents no new arguments regarding the alleged misidentification in the instant motion. Accordingly, Saunders has not shown that the identification procedure violated his right to a fair trial or any actual prejudice to overcome the procedural bar to consideration of his claim that the identification procedure violated his due process rights.

### 2. Actual Innocence

Finally, Saunders argues that he can overcome the procedural default because he is actually innocent of the crimes for which he was convicted. A "claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."[156] "Proving such a claim is daunting indeed, requiring the petitioner to show, as a factual matter, that he did not commit the crime of conviction."[157] The petitioner "must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[158] "Such new, reliable evidence may include, by way of example, exculpatory scientific evidence, credible declarations of guilt by another, trustworthy

---

[154] *Id.* (citations and quotation marks omitted).

[155] Rec. Doc. 99 at 27, 32.

[156] *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

[157] *Id.* at 499–500 (quoting *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quotation marks omitted)).

[158] *Id.* at 500 (quoting *Fairman*, 188 F.3d at 644 (quotation marks omitted)).

eyewitness accounts, and certain physical evidence."[159] "The innocence determination is based on a consideration of all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted at trial."[160]

As noted above, Saunders was convicted on Count 1 for conspiracy to commit bank robbery, Count 2 for armed bank robbery on June 24, 2011, Count 3 for using and carrying a firearm during an armed bank robbery on June 24, 2011, Count 4 for armed bank robbery on November 5, 2011, and Count 6 for attempted bank robbery on December 24, 2011.[161] Saunders was acquitted on Count 5 for attempted bank robbery on December 10, 2011.[162] The Government provided notable evidence at trial in the form of victim and eyewitness testimony, photographic and videotape evidence, DNA evidence as well as a significant amount of circumstantial evidence which pointed to Saunders's guilt in the crimes charged.[163] Specifically, Jaresa Alvis, a bank teller at the Chase Bank location where the June 24, 2011 robbery and the December 24, 2011 attempted robbery took place, identified Saunders as one of the perpetrators when she was presented with a photographic lineup and during trial.[164] Rhiannon Aswad, a bank teller at the Fidelity Homestead Savings Bank location that was robbed on November 5, 2011, identified Saunders as one of the perpetrators when she was presented

---

[159] *Id.* (quoting *Fairman*, 188 F.3d at 644 (quotation marks omitted)).

[160] *Barbee v. Davis*, 660 F. App'x 293, 302 (5th Cir. 2016) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) (quotation marks omitted)).

[161] Rec. Doc. 8.

[162] Rec. Doc. 134.

[163] Rec. Doc. 181 at 45.

[164] Rec. Doc. 212 at 124–25.

with a photographic lineup.[165] Diamonique Cook, the ex-girlfriend of co-defendant Lamar Nero, also identified Saunders when presented with surveillance photographs and testified that a photograph of the van used in the robberies looked like the van driven by Saunders.[166] The Government also presented surveillance footage from the crime scenes depicting the perpetrators, who committed each of the robberies without masks.[167] Other circumstantial evidence supports the jury's verdict, including the fact that a gun was recovered from Saunders's mother's home.[168]

Saunders presents six declarations to support his assertion that he is actually innocent of the crimes for which he was convicted. First, Saunders presents a declaration completed by his co-defendant, Lamar Nero, wherein Lamar Nero represents that he was not with Saunders on June 24, 2011, November 5, 2011, or December 24, 2011.[169] Lamar Nero further represents that he and Saunders did not conspire to commit bank robbery and that he believes Saunders is innocent of the charges filed against him.[170] Lamar Nero's declaration simply denies that he conspired with Saunders to commit bank robbery and states that the men were not together on the dates of the bank robberies and attempted bank robbery. The declaration does not purport to provide Saunders with an alibi for the dates in question. Therefore, the Court finds Lamar Nero's self-serving declaration insufficient to meet Saunders's burden of showing that it was more likely than not that no reasonable juror would

---

[165] Rec. Doc. 214 at 15–16.

[166] *Id.* at 152–54.

[167] *See* Rec. Docs. 210–215.

[168] Rec. Doc. 214 at 217.

[169] Rec. Doc. 240 at 4.

[170] *Id.*

have convicted him in the light of the declaration.[171]

Saunders also presents declarations completed by his friend, his sister, and his daughter stating that Saunders was with them at the Mall of Louisiana in Baton Rouge, Louisiana, on November 5, 2011, from 7:30 a.m. until 2:15 p.m.[172] The November 5, 2011 bank robbery occurred at approximately 8:35 a.m. in Metairie, Louisiana.[173] Therefore, taking these declarations at face value, they could establish an alibi for the time of the November 5, 2011 bank robbery. However, considering all of the evidence, new and old, without regard to whether it would necessarily be admitted at trial,[174] these declarations are insufficient to meet Saunders's burden of showing that it was more likely than not that no reasonable juror would have convicted him in the light of the declarations.[175] Rhiannon Aswad, a bank teller at the Fidelity Homestead Savings Bank location that was robbed on November 5, 2011, identified Saunders as one of the perpetrators when she was presented with a photographic lineup.[176] Moreover, surveillance footage of the November 5, 2011 robbery, depicting the perpetrators who committed the robbery without masks, was presented to the jury.[177] Furthermore, although telephone records were not presented at trial, the Government had records of Saunders's phone activity on November 5, 2011, which showed that his phone was utilized

---

[171] *McGowen*, 675 F.3d at 500.

[172] *Id.* at 8, 11, 14.

[173] Rec. Doc. 214 at 5.

[174] *Barbee*, 660 F. App'x at 302.

[175] *McGowen*, 675 F.3d at 500.

[176] Rec. Doc. 214 at 15–16.

[177] *See* Rec. Docs. 210–215.

in the New Orleans area at 7:00 a.m., 7:34 a.m., 7:52 a.m., and 8:54 a.m.[178] The phone records show that Saunders's phone did not leave the New Orleans area until 11:40 a.m. on November 5, 2011, when the phone began to travel west to Baton Rouge, Louisiana, and was utilized at the Mall of Louisiana from 1:11 p.m. to 2:45 p.m.[179] Therefore, in light of the evidence presented at trial and additional evidence available to the Government that could have been used to contradict the declarations, the Court concludes that these declarations are insufficient to meet Saunders's burden of showing that it was more likely than not that no reasonable juror would have convicted him in the light of the declarations.[180]

Finally, Saunders presents declarations completed by his sister and his mother stating that Saunders was at his mother's home from the night of December 23, 2011, until 4:00 p.m. on December 24, 2011.[181] The December 24, 2011 attempted bank robbery occurred at approximately 8:30 a.m.[182] However, Saunders's mother, Mardell Evans, the only declarant who actually was called to testify at trial, presented testimony at trial that was inconsistent with her declaration. The declaration of Mardell Evans indicates that Saunders was at her house from the night of December 23, 2011, until 4:00 p.m. on December 24, 2011,[183] but at trial Mardell Evans testified that she did not know where Saunders was on December 24, 2011.[184] The declaration of Saunders's sister, Madria

---

[178] Rec. Doc. 89-1 at 20.

[179] *Id.*

[180] *McGowen*, 675 F.3d at 500.

[181] Rec. Doc. 240 at 5–6, 16–17.

[182] Rec. Doc. 210 at 35–37.

[183] Rec. Doc. 240 at 17.

[184] Rec. Doc. 214 at 257.

Saunders, merely mirrors her mother's declaration, which is inconsistent with her mother's testimony at trial. Therefore, because the evidence presented at trial directly contradicts the declarations, the Court finds Mardell Evans and Madria Saunders's declarations insufficient to meet Saunders's burden of showing that it was more likely than not that no reasonable juror would have convicted him in the light of the declarations.[185]

## C.     *Ineffective Assistance of Counsel*

Saunders raises two ineffective assistance of counsel claims. First, Saunders argues that his counsel did not investigate or present to the jury his alibi defense.[186] Second, Saunders argues that his counsel never challenged his misidentification.[187]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[188] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[189]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[190] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed

---

[185] *McGowen*, 675 F.3d at 500.

[186] Rec. Doc. 224 at 5.

[187] *Id.*

[188] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[189] *Id.* at 697.

[190] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

by the Sixth Amendment.[191] Courts addressing this prong of the test for ineffective assistance of counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[192]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[193] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[194] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[195]

The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.[196] To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[197]

Considering this standard, the Court will address each of Saunders's ineffective assistance of counsel claims in turn.

### 1. Failure to Investigate and Present Alibi Defense

Saunders contends that he received ineffective assistance of counsel because his counsel did

---

[191] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[192] *See Strickland*, 466 U.S. at 689.

[193] *Id*. at 694.

[194] *Id*.

[195] *Crockett*, 796 F.2d at 793.

[196] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[197] *Id.* at 59.

not investigate or present to the jury his alibi defense.[198] In opposition, the Government argues that Saunders provides no evidence to show that a witness could have provided Saunders with an alibi and would have testified at trial.[199] Moreover, the Government relies on an affidavit provided by Saunders's counsel, Brian Capitelli, which states that counsel "specifically requested that [Saunders] provide any information that could be utilized to provide an alibi defense in this matter," but Saunders failed to provide any information.[200]

In response to the Government's opposition, Saunders filed a "Rebuttal of Affidavit" opposing Capitelli's affidavit.[201] Saunders contends that he told Capitelli about his alibi defense, but Capitelli refused to act on it.[202] Saunders also presents five declarations to support his assertion that his counsel should have called witnesses to provide him with an alibi defense at trial.[203] Saunders presents declarations completed by his friend, his sister, and his daughter stating that Saunders was with them at the Mall of Louisiana in Baton Rouge, Louisiana on November 5, 2011, from 7:30 a.m. until 2:15 p.m.[204] Saunders also presents declarations completed by his sister and his mother stating that Saunders was at his mother's home from the night of December 23, 2011, until 4:00 p.m. on December 24, 2011.[205]

---

[198] Rec. Doc. 224 at 5.

[199] Rec. Doc. 230 at 7.

[200] *Id*. (citing Rec. Doc. 230-1 at 2).

[201] Rec. Doc. 232.

[202] *Id.* at 1.

[203] Rec. Doc. 240.

[204] *Id.* at 8, 11, 14.

[205] *Id.* at 6, 11.

The Fifth Circuit has repeatedly held that complaints of uncalled witnesses are not favored on post-conviction relief "because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."[206] "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."[207] In *Day v. Quarterman*, the petitioner presented an affidavit from an uncalled expert that rebutted much of the medical expert testimony presented at trial.[208] However, the affidavit did not state that the uncalled expert "was available to testify at trial, that he would have done so, or that he would have testified in accord with the opinions and conclusions he states in his affidavit."[209] Therefore, the Fifth Circuit concluded that the petitioner had not shown that he was prejudiced by his counsel's failure to call the expert at trial.[210]

Here, the Court is presented with competing affidavits regarding whether Saunders asked his defense counsel to investigate an alibi defense. The Government relies on Capitelli's affidavit, which states that he "specifically requested that [Saunders] provide any information that could be utilized to provide an alibi defense in this matter," but Saunders failed to provide any information.[211] Saunders

---

[206] *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008)).

[207] *Id.*

[208] *Id.*

[209] *Id.*

[210] *Id.* at 538–39.

[211] Rec. Doc. 230-1 at 2.

relies on his own affidavit, which states that he told Capitelli about his alibi defense, but Capitelli refused to act on it.[212] Therefore, because the Court is presented with competing affidavits,[213] it will assume that Capitelli performed deficiently by failing to investigate Saunders's alibi defense.

Even assuming that Capitelli's performance was deficient, Saunders has not shown that he was prejudiced by Capitelli's performance. As noted above, Saunders relies on five declarations to support his assertion that Capitelli should have presented an alibi defense. Saunders presents declarations completed by his friend, his sister, and his daughter stating that Saunders was with them at the Mall of Louisiana in Baton Rouge, Louisiana on November 5, 2011, from 7:30 a.m. until 2:15 p.m.[214] Saunders also presents declarations completed by his sister and his mother stating that Saunders was at his mother's home from the night of December 23, 2011, until 4:00 p.m. on December 24, 2011.[215] Both the November 5, 2011 bank robbery and the December 24, 2011 bank robbery occurred between 8:00 a.m. and 9:00 a.m.[216] Therefore, if the declarants would have testified in a manner consistent with their declarations, their testimony could have provided Saunders with an alibi for both the November 5, 2011 and the December 24, 200 bank robberies. However, none of the

---

[212] Rec. Doc. 232 at 1.

[213] The Fifth Circuit has found that "a district court need not automatically conduct an evidentiary hearing whenever there are 'competing affidavits.'" *United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015). "When deciding whether an affidavit supporting a § 2255 motion may be discredited or given less weight without an evidentiary hearing, [the Fifth Circuit] has looked to factors such as whether an affidavit is speculative, conclusory, plainly false, or contradicted by the record." *Id.* (citing *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013)). The Fifth Circuit also considers: "(1) whether a dueling affidavit 'conclusively negates' the movant's allegations, (2) whether the district court had "personal knowledge" of the facts discussed in the affidavits or "an opportunity during trial to observe [the affiant's] credibility," and (3) whether the district court had 'personal knowledge' of an affiant-lawyer's "general credibility." *Id.* (citing *United States v. Arguellas*, 78 F. App'x 984, 985–87 (5th Cir. 2003)).

[214] Rec. Doc. 240 at 8, 11, 14.

[215] *Id.* at 6, 11.

[216] Rec. Doc. 210 at 35–37.

declarants state that they were available to testify at trial, that they would have done so, or that they would have testified in accord with the statements made in their declarations.[217] Moreover, as discussed *supra*, the Court is not persuaded that these declarants would have provided testimony that would have in fact benefited the defense. Therefore, Saunders has not established the requisite prejudice necessary to show that his counsel's performance was ineffective.

### 2. Failure to Challenge the Misidentification

Saunders also argues that his counsel performed ineffectively by failing to challenge Saunders's alleged misidentification.[218] In response, the Government asserts that this claim is a blatant misrepresentation that is refuted by the record.[219] The Government notes that Saunders's counsel filed additional briefing and another motion to suppress Saunders's identification.[220] Therefore, the Government contends that Saunders's ineffective assistance of counsel claims are unavailing.[221]

Saunders's counsel filed a motion to suppress Saunders's identification by a bank teller on February 22, 2013.[222] The Court conducted an evidentiary hearing on the motion to suppress on April 19, 2013,[223] and denied the motion on June 12, 2013.[224] Saunders's counsel subsequently filed another

---

[217] *See Day*, 566 F.3d at 538.

[218] Rec. Doc. 224 at 5.

[219] Rec. Doc. 230 at 7.

[220] *Id*. at 7–8 (citing Rec. Docs. 92, 94, 111, 119).

[221] *Id*. at 8.

[222] Rec. Doc. 67.

[223] Rec. Doc. 92.

[224] Rec. Doc. 99.

motion to suppress Saunders's identification on June 25, 2013,[225] which the Court denied during an evidentiary hearing conducted on June 27, 2013.[226] Therefore, Saunders's representation that his counsel failed to challenge his alleged misidentification is unsupported by the record in this matter. Accordingly, because Saunders has not shown that his counsel performed deficiently in failing to challenge Saunders's identification, his ineffective assistance of counsel claim is unavailing.

D.      *Application of the Sentencing Enhancement for Abduction*

Saunders asserts that the five-level enhancement applied at sentencing for abduction was unconstitutional because the Court was without jurisdiction to impose the sentencing enhancement.[227] He argues that he was not on notice of the charge by an indictment, and that it was a due process violation for the Court to impose punishment for the abduction.[228] In response, the Government avers that Saunders's argument that the Court was without jurisdiction to impose the sentencing enhancement for abduction is not cognizable on post-conviction relief.[229] The Government notes that Saunders raised this issue on appeal, and the Fifth Circuit determined that this Court did not err in applying the abduction enhancement.[230]

Saunders raised this issue on direct appeal, and the Fifth Circuit found that this Court "conducted a thorough examination of the record during its sentencing hearing, and it committed no

---

[225] Rec. Doc. 119.

[226] Rec. Doc. 131.

[227] Rec. Doc 224 at 6.

[228] *Id.*

[229] Rec. Doc. 230 at 8.

[230] *Id.*

reversible error by applying the enhancements to this case."[231]

It is well settled in the Fifth Circuit that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."[232] Therefore, because this issue was addressed by the Fifth Circuit on direct appeal, it is not cognizable on post-conviction relief.

### E.    *Entitlement to an Evidentiary Hearing*

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." For the reasons stated above, the Court finds that the motion, files, and record of the case conclusively show that Saunders is not entitled to relief. Accordingly, the Court finds that an evidentiary hearing is not warranted here.

## V. Conclusion

Based on the foregoing, the Court grants Saunders's motion to supplement because the Government has not shown that the motion should not be granted based on undue delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. Furthermore, the Court finds that the motion, files, and record of the case conclusively show that Saunders is not entitled to relief on his motion to vacate. Accordingly,

---

[231] *United States v. Saunders*, 605 F. App'x 285, 289 (5th Cir. 2015).

[232] *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). *See also United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

**IT IS HEREBY ORDERED** that Saunders's "Motion to Supplement Pursuant to Rule 15C of Federal Rules of Civil Procedure"[233] is **GRANTED**.

**IT IS FURTHER ORDERED** that Saunders's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[234] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  30th  day of June, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[233] Rec. Doc. 240.

[234] Rec. Doc. 224.