UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-141** |
| **MYRON SAUNDERS** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Defendant Myron Saunders' ("Saunders") motion for reconsideration of this Court's January 27, 2022 Order denying Saunders' motion for compassionate release.[1] Considering the motion, the record, and the applicable law, for the reasons that follow, the Court denies the motion.

### I. Background

On March 23, 2012, Saunders was charged in a 6-count indictment with: conspiracy to commit bank robbery (Count 1); armed bank robbery on June 24, 2011 (Count 2); using and carrying a firearm during an armed bank robbery on June 24, 2011 (Count 3); bank robbery on November 5, 2011 (Count 4); attempted bank robbery on December 10, 2011 (Count 5); and attempted bank robbery on December 24, 2011 (Count 6).[2] A jury trial in this matter commenced on June 24, 2013.[3] After a six day trial, the jury found Saunders guilty of Counts 1, 2, 3, 4, and 6,

---

[1] Rec. Doc. 271.

[2] Rec. Doc. 8.

[3] Rec. Doc. 124.

1

and acquitted him on Count 5.[4]

On July 15, 2013, Saunders filed a "Motion for a New Trial,"[5] which the Court denied on November 13, 2013.[6] On January 30, 2014, the Court sentenced Saunders to a term of 60 months imprisonment as to Count 1, 168 months imprisonment as to Count 2 to run concurrently, 60 months imprisonment as to Count 3 to run consecutively, 168 months imprisonment at to Count 4 to run concurrently, and 168 months imprisonment as to Count 6 to run concurrently, for a total term of 228 months imprisonment.[7] Saunders filed a timely Notice of Appeal.[8] On April 13, 2015, the United States Fifth Circuit Court of Appeals affirmed Saunders' conviction and sentence.[9] BOP records reflect that Saunders is currently housed at Federal Correctional Institution Oakdale I.[10] His projected release date is July 6, 2028.[11]

On December 21, 2021, Saunders filed a *pro se* motion for compassionate release pursuant to Section 3582(c)(1)(A).[12] On January 13, 2022, the government filed an opposition to the motion for compassionate release.[13] On January 26, 2022, Saunders filed a reply brief in further support

---

[4] Rec. Doc. 134-3.

[5] Rec. Doc. 140.

[6] Rec. Doc. 181.

[7] Rec. Doc. 193 at 2.

[8] Rec. Doc. 198.

[9] Rec. Doc. 219.

[10] Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 3, 2022).

[11] *Id*.

[12] Rec. Doc. 264.

[13] Rec. Doc. 266.

of the motion.[14]

On January 27, 2022, the Court denied Saunders' motion for compassionate release.[15] The Court cited BOP medical records showing that the BOP administered two doses of the Pfizer vaccine to Saunders in August 2021.[16] Considering Saunders' vaccine status and the regular COVID-19 testing he has received from the BOP, the Court found that Saunders had not established that the BOP would be unable to manage an outbreak within FCI Oakdale or that the facility was specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms. Although Saunders has a BMI of 34.6, the Court found that Saunders had not shown that compassionate release is warranted based on this factor alone. Therefore, the Court concluded that Saunders had not established extraordinary and compelling reasons for a reduction in sentence. Additionally, the Court found that the requested reduction was inconsistent with the Section 3553(a) factors and Saunders would pose a danger to society if released.

On February 18, 2022, Saunders filed the instant motion for reconsideration of the Court's January 27, 2022 Order.[17] Saunders raises three arguments in support of the motion.[18] First, Saunders asserts that the Court failed to consider the arguments raised in his reply brief.[19] Second, Saunders contends that the Court's Order is silent concerning his claims that Oakdale has mishandled the COVID-19 pandemic.[20] Third, Saunders asserts that the Court misconstrued his

---

[14] Rec. Doc. 270.

[15] Rec. Doc. 269 (signed January 26, 2022; docketed January 27, 2022).

[16] Rec. Doc. 266-1 at 81.

[17] Rec. Doc. 271.

[18] *Id.*

[19] *Id.* at 2.

[20] *Id.* at 3.

motion to the extent he was arguing for a reduction in sentence to avoid a sentencing disparity between Saunders and his co-defendant.[21] Saunders asserts that he was not requesting "an all or nothing time served sentence," and "the relief he sought to correct it . . . was a reduction in sentence of 60 months to match his co-defendant."[22]

## II. Legal Standard

### A.   *Legal Standard for Reconsideration*

Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions.[23] Absent specific guidance from the Federal Rules of Criminal Procedure, courts should apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration.[24]

Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[25] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[26] with relief being warranted only when the

---

[21] *Id.* at 3–4.

[22] *Id.* at 4.

[23] *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975).

[24] *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)) ("[The Supreme Court] Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.").

[25] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

[26] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

4

basis for relief is "clearly establish[ed]."[27] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[28]

A motion for reconsideration "[is] not the proper vehicle for rehashing evidence, legal theories, or arguments."[29] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[30] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[31] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[32]

---

[27] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010).

[28] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (internal citations omitted).

[29] *Id.* (quoting *Templet*, 367 F.3d at 478–79).

[30] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[31] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[32] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

B. *Legal Standard for Compassionate Release*

Generally, a "court may not modify a term of imprisonment once it has been imposed."[33] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[34]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure";[35] or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[36]

Saunders moved the Court to reduce his sentence under Section 3582(c)(1)(A).[37] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[38] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[39] In 2018, Congress passed, and the President signed into law, the First Step Act.[40] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[41]

Yet, before filing a compassionate release motion directly with a court, a prisoner must

---

[33] 18 U.S.C. § 3582(c)(1).

[34] *Id.* § 3582(c)(1)(A).

[35] *Id.* § 3582(c)(1)(B).

[36] *Id.* § 3582(c)(2).

[37] Rec. Doc. 264.

[38] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[39] *Id.*

[40] *See id.*

[41] *See id.*

exhaust the administrative requirements under Section 3582(c)(1)(A).[42] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[43] Finally, the Court must "also consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[44]

### III. Analysis

On January 27, 2022, the Court denied the motion for compassionate release.[45] The Court cited BOP medical records showing that the BOP administered two doses of the Pfizer vaccine to Saunders in August 2021.[46] Considering Saunders' vaccine status and the regular COVID-19 testing he has received from the BOP, the Court found that Saunders had not established that the BOP would be unable to manage an outbreak within FCI Oakdale or that the facility was specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms.

---

[42] *See* 18 U.S.C. § 3582(c)(1)(A).

[43] *Id.*

[44] *Id.*

[45] Rec. Doc. 269 (signed January 26, 2022; docketed January 27, 2022).

[46] Rec. Doc. 266-1 at 81.

Although Saunders has a BMI of 34.6, the Court found that Saunders had not shown that compassionate release is warranted based on this factor alone. Therefore, the Court concluded that Saunders had not established extraordinary and compelling reasons for a reduction in sentence. Additionally, the Court found that the requested reduction was inconsistent with the Section 3553(a) factors and Saunders would pose a danger to society if released.

Saunders argues that reconsideration of the January 27, 2022 Order is warranted because: (1) the Court failed to consider the arguments raised in his reply brief; (2) the Court's Order is silent concerning his claims that Oakdale has mishandled the COVID-19 pandemic; and (3) the Court misconstrued his motion because he was not requesting "an all or nothing time served sentence," and "the relief he sought to correct [an alleged disparity between Saunders' sentence and the sentence of his co-defendant] was a reduction in sentence of 60 months to match his co-defendant."[47]

Saunders does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law that would warrant reconsideration. Saunders' reply brief was filed the same date as the Court's Order denying the motion for compassionate release. In the reply brief, Saunders primarily argued that staff at the Oakdale facility have mishandled the COVID-19 pandemic by failing to use cleaner and sanitizer, failing to wear masks, and having an "overall shoddy, lackadaisical" attitude regarding the pandemic.[48] Additionally, Saunders argued that stress can weaken the immune system, and he asserted that his vaccination status did not make him ineligible for compassionate release.[49]

---

[47] Rec. Doc. 271.

[48] Rec. Doc. 270 at 3–4.

[49] *Id.* at 4–6.

These arguments do not change the Court's analysis as set forth in the January 27, 2022 Order. The Court found that Saunders' BMI made him particularly vulnerable to severe illness from COVID-19. However, the medical records submitted by the government show that the BOP administered two doses of the Pfizer vaccine to Saunders in August 2021.[50] The Court cited information from the CDC indicating that "COVID-19 vaccines are highly effective at preventing severe illness, hospitalizations, and death" from the Omicron variant.[51] Additionally, the BOP medical records show that Saunders has been regularly tested for COVID-19.[52] Considering Saunders' vaccine status and the regular COVID-19 testing he has received from the BOP, the Court concluded that Saunders had not established that the BOP is unable to manage an outbreak within FCI Oakdale or that the facility is specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms. Therefore, the Court concluded that Saunders had not established extraordinary and compelling reasons for a reduction in sentence. Additionally, since Saunders filed his motion, the surge in COVID-19 cases due to the Omicron variant has gradually receded. Thus, reconsideration is not warranted based on these arguments.

Similarly, Saunders' arguments regarding Oakdale staff's alleged failure to use cleaner and sanitizer, their failure to wear masks, and a general lackadaisical attitude toward the pandemic, do not change this analysis. Therefore, reconsideration is not warranted based on the arguments raised in the reply brief regarding Oakdale's handling of the pandemic.

Finally, Saunders argues that reconsideration is warranted because the Court misconstrued

---

[50] Rec. Doc. 266-1 at 81.

[51] Centers for Disease Control and Prevention, *Omicron Variant: What You Need to Know*, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited Mar. 3, 2022).

[52] Rec. Doc. 266-1 at 1, 30, 36, 101, 104.

9

his motion for compassionate release.[53] Saunders avers that he was not requesting "an all or nothing time served sentence," and "the relief he sought to correct [an alleged disparity between Saunders' sentence and the sentence of his co-defendant] was a reduction in sentence of 60 months to match his co-defendant."[54] As the Court noted in the January 27, 2022 Order, Saunders' co-defendant, Lamar Nero, was sentenced to 180 months imprisonment.[55] The Court noted that reducing Saunders' sentence to time served would result in a lesser sentence than Nero because BOP records reflect that Nero's projected release date is not until February 8, 2025.[56]

Saunders now argues that the Court misconstrued his argument and that he was advocating for a downward reduction to "match" Nero's sentence, not a reduction to time served. Saunders' motion sought compassionate release because he argued that his medical conditions—combined with the elevated risk of contracting COVID-19 while in custody—constitute sufficient grounds for a sentence reduction under Section 3582(c)(1)(A). Reducing Saunders' sentence to allow for his release in 2025 would not meet the objective of compassionate release, which allows for a reduction where "extraordinary and compelling reasons warrant such a reduction."[57] Considering Saunders' vaccine status and the regular COVID-19 testing he has received from the BOP, the Court found Saunders had not established extraordinary and compelling reasons to warrant his immediate release. Similarly, these factors would not weigh in favor of reducing Saunders' sentence to allow for his release in 2025. Therefore, reconsideration is not warranted.

---

[53] Rec. Doc. 271.

[54] *Id.*

[55] Rec. Doc. 264 at 5–6.

[56] Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 3, 2022).

[57] 18 U.S.C. § 3582(c)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Myron Saunders' motion for reconsideration of this Court's January 27, 2022 order denying Saunders' motion for compassionate release[58] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 10th day of March, 2022.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[58] Rec. Doc. 271.