**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-141** |
| **MYRON SAUNDERS** | **SECTION: "G"** |

**ORDER AND REASONS**

Before the Court is Defendant Myron Saunders' ("Saunders") "Motion to Reduce Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) of the First Step Act Based on Non-Medical Circumstances."[1] In the motion, Saunders asserts that the Court should grant compassionate release and reduce his sentence from 228 months imprisonment to 180 months imprisonment, to "match" the sentence imposed on his co-defendant Lamar Nero ("Nero").[2] For the reasons discussed in detail below, even assuming that Saunders has exhausted his administrative remedies with respect to this claim, he has not demonstrated that reducing his sentence to "match" the sentence of his co-defendant is an "extraordinary and compelling reason" to warrant a sentence reduction.[3] Accordingly, having considered the motion, the memorandum in support, the record, and the applicable law, the Court denies the motion.

**I. Background**

On March 23, 2012, Saunders was charged in a 6-count indictment with: conspiracy to commit bank robbery (Count 1); armed bank robbery on June 24, 2011 (Count 2); using and

---

[1] Rec. Doc. 279.

[2] *Id.* at 5.

[3] 18 U.S.C. § 3582(c)(1)(A).

carrying a firearm during an armed bank robbery on June 24, 2011 (Count 3); bank robbery on November 5, 2011 (Count 4); attempted bank robbery on December 10, 2011 (Count 5); and attempted bank robbery on December 24, 2011 (Count 6).[4] A jury trial in this matter commenced on June 24, 2013.[5] After a six day trial, the jury found Saunders guilty of Counts 1, 2, 3, 4, and 6, and acquitted him on Count 5.[6]

On July 15, 2013, Saunders filed a "Motion for a New Trial,"[7] which the Court denied on November 13, 2013.[8] On January 30, 2014, the Court sentenced Saunders to a term of 60 months imprisonment as to Count 1, 168 months imprisonment as to Count 2 to run concurrently, 60 months imprisonment as to Count 3 to run consecutively, 168 months imprisonment at to Count 4 to run concurrently, and 168 months imprisonment as to Count 6 to run concurrently, for a total term of 228 months imprisonment.[9] Saunders filed a timely Notice of Appeal.[10] On April 13, 2015, the United States Fifth Circuit Court of Appeals affirmed Saunders' conviction and sentence.[11] BOP records reflect that Saunders is currently housed at Federal Correctional Institution Oakdale I.[12] His projected release date is July 6, 2028.[13]

[4] Rec. Doc. 8.

[5] Rec. Doc. 124.

[6] Rec. Doc. 134-3.

[7] Rec. Doc. 140.

[8] Rec. Doc. 181.

[9] Rec. Doc. 193 at 2.

[10] Rec. Doc. 198.

[11] Rec. Doc. 219.

[12] Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 24, 2023).

[13] *Id.*

On December 21, 2021, Saunders filed a *pro se* motion for compassionate release pursuant to Section 3582(c)(1)(A).[14] On January 13, 2022, the government filed an opposition to the motion for compassionate release.[15] On January 26, 2022, Saunders filed a reply brief in further support of the motion.[16] On January 27, 2022, the Court denied Saunders' motion for compassionate release.[17]

On February 18, 2022, Saunders filed a motion for reconsideration of the Court's January 27, 2022 Order.[18] On March 11, 2022, the Court denied the motion for reconsideration.[19]

On January 18, 2023, Saunders filed the instant "Motion to Reduce Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) of the First Step Act Based on Non-Medical Circumstances."[20] In the motion, Saunders asserts that the Court should grant compassionate release and reduce his sentence from 228 months imprisonment to 180 months imprisonment.[21] Saunders points out that his co-defendant Lamar Nero received a sentence of 180 months imprisonment.[22] Saunders asserts that the Section 3553(a) factors weigh in favor of imposing the same sentence in his case.[23]

---

[14] Rec. Doc. 264.

[15] Rec. Doc. 266.

[16] Rec. Doc. 270.

[17] Rec. Doc. 269 (signed January 26, 2022; docketed January 27, 2022).

[18] Rec. Doc. 271.

[19] Rec. Doc. 273.

[20] Rec. Doc. 279.

[21] *Id.* at 5.

[22] *Id.*

[23] *Id.*

## II. Law and Analysis

Generally, a "court may not modify a term of imprisonment once it has been imposed."[24] Federal law provides three exceptions:

> (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[25]
>
> (2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure";[26] or
>
> (3) when the defendant was sentenced based on a retroactively lowered sentencing range.[27]

This is the third time that Saunders has moved the Court to reduce his sentence under Section 3582(c)(1)(A).[28] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[29] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[30] In 2018, Congress passed, and the President signed into law, the First Step Act.[31] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[32]

Yet, before filing a compassionate release motion directly with a court, a prisoner must

---

[24] 18 U.S.C. § 3582(c)(1).

[25] *Id.* § 3582(c)(1)(A).

[26] *Id.* § 3582(c)(1)(B).

[27] *Id.* § 3582(c)(2).

[28] *See* Rec. Docs. 264, 271, 279.

[29] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[30] *Id.*

[31] *See id.*

[32] *See id.*

exhaust the administrative requirements under Section 3582(c)(1)(A).[33] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[34] Finally, the Court must "also consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[35]

On January 27, 2022, the Court denied Saunders' first motion for compassionate release.[36] In that motion, Saunders argued that compassionate release was warranted because his body mass index ("BMI")—combined with the risks of contracting COVID-19 while incarcerated—constituted sufficient grounds for a sentence reduction.[37] Saunders also argued that a sentence reduction would resolve a sentencing disparity between Saunders and his co-defendant, Lamar Nero, who was sentenced to 180 months imprisonment.[38] The Court cited BOP medical records

---

[33] *See* 18 U.S.C. § 3582(c)(1)(A).

[34] *Id.*

[35] *Id.*

[36] Rec. Doc. 269 (signed January 26, 2022; docketed January 27, 2022).

[37] Rec. Doc. 264 at 2.

[38] *Id.* at 5–6.

showing that the BOP administered two doses of the Pfizer vaccine to Saunders in August 2021.[39] Considering that Saunders was vaccinated and received regular COVID-19 testing from the BOP, the Court found that Saunders had not established that the BOP would be unable to manage an outbreak within FCI Oakdale or that the facility was specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms.[40] Therefore, the Court concluded that Saunders had not established extraordinary and compelling reasons for a reduction in sentence.[41]

Additionally, the Court found that the requested reduction was inconsistent with the Section 3553(a) factors and Saunders would pose a danger to society if released.[42] The Court pointed out that it imposed a downward variance in co-defendant Nero's case.[43] One factor the Court considered in imposing the downward variance was the fact that Nero was only 21 years old when these offenses occurred.[44] This same factor did not apply to Saunders, who was 33 years old at the time of the instant offenses.[45] Moreover, the Court pointed out that releasing Saunders to a sentence of time-served would in effect result in Saunders serving a lesser sentence than his co-defendant.[46]

Saunders then filed a motion for reconsideration arguing, *inter alia*, that reconsideration was warranted because the Court misconstrued his motion as requesting "an all or nothing time

---

[39] Rec. Doc. 269 at 11 (citing Rec. Doc. 266-1 at 81).

[40] *Id.* at 14.

[41] *Id.* at 5–6.

[42] *Id.* at 13–15.

[43] *Id.* at 14.

[44] *Id.*

[45] *Id.*

[46] *Id.*

served sentence," and "the relief he sought to correct [an alleged disparity between Saunders' sentence and the sentence of his co-defendant] was a reduction in sentence of 60 months to match his co-defendant."[47] On March 11, 2022, the Court denied the motion for reconsideration.[48] The Court found that reducing Saunders' sentence to allow for his release in 2025 would not meet the objective of compassionate release, which allows for a reduction where "extraordinary and compelling reasons warrant such a reduction."[49]

In the instant motion, Saunders once again argues that the Court should grant compassionate release and reduce his sentence to "match" the sentence imposed for his co-defendant.[50] It is unclear whether Saunders has exhausted the administrative requirements for compassionate release by filing a request for release with the Bureau of Prisons. Saunders filed a request for compassionate release with the warden of his facility on October 31, 2021, which was denied by the warden on November 19, 2021.[51] However, that request was based on his vulnerability to COVID-19. Even assuming that Saunders has exhausted his administrative remedies with respect to this claim, he has not demonstrated that reducing his sentence to "match" the sentence of his co-defendant is an "extraordinary and compelling reason" to warrant a sentence reduction.[52]

Although compassionate release is typically granted for medical reasons, courts have

---

[47] Rec. Doc. 273.

[48] *Id.* at 10.

[49] 18 U.S.C. § 3582(c)(1)(A).

[50] Rec. Doc. 279 at 5.

[51] Rec. Doc. 264 at 2 (citing Rec. Doc. 264-1; Rec. Doc. 264-2).

[52] 18 U.S.C. § 3582(c)(1)(A).

recognized that "the BOP's regulations and Program Statement permit non -medical circumstances to be considered as a basis for compassionate release."[53] Courts have recognized that compassionate release may be appropriate where a sentence is "unusually long."[54] Saunders has not demonstrated that this is such a case.

When imposing the original sentences in this case, the Court considered the nature and circumstances of the offense and the history and characteristics of each offender.[55] The Court imposed a downward variance in co-defendant Nero's case. One factor the Court considered in imposing the downward variance was the fact that Nero was only 21 years old when these offenses occurred. At sentencing, the Court applied the relevant Section 3553(a) factors and found that a downward variance was warranted for co-defendant Nero. This same factor did not apply to Saunders, who was 33 years old at the time of the instant offenses. Therefore, Saunders has not demonstrated that reducing his sentence to "match" the sentence of his co-defendant is an "extraordinary and compelling reason" to warrant a sentence reduction.[56]

Accordingly,

---

[53] *United States v. Haynes,* 456 F. Supp. 3d 496, 515 n.30 (E.D.N.Y. 2020) (citing *United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020)).

[54] *Id.* (reducing 46.5-year sentence for a first-time offender convicted of four counts of bank robbery to a term of time-served or 27 years).

[55] *See* 18 U.S.C. § 35553(a)(1).

[56] 18 U.S.C. § 3582(c)(1)(A).

**IT IS HEREBY ORDERED** that Defendant Myron Saunders' "Motion to Reduce Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) of the First Step Act Based on Non-Medical Circumstances"[57] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 27th day of February, 2023.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[57] Rec. Doc. 279.