UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-141 |
| MYRON SAUNDERS | SECTION: "G" |

## ORDER AND REASONS

Before the Court is Defendant Myron Saunders's ("Saunders") Motion to Reduce Sentence Under 18 U.S.C. 3582(c)(1)(A).[1] In the motion, Saunders asserts that the Court should grant compassionate release and reduce his "unusually long sentence."[2] For the reasons discussed in more detail below, even assuming that Saunders has exhausted his administrative remedies with respect to this claim, he has not demonstrated that there is an "extraordinary and compelling reason" to warrant a sentence reduction.[3] Accordingly, having considered the motion, the memorandum in support, the record, and the applicable law, the Court denies the motion.

## I. Background

On March 23, 2012, Saunders was charged in a 6-count indictment with: conspiracy to commit bank robbery (Count 1); armed bank robbery on June 24, 2011 (Count 2); using and carrying a firearm during an armed bank robbery on June 24, 2011 (Count 3); bank robbery on November 5, 2011 (Count 4); attempted bank robbery on December 10, 2011 (Count 5); and

---

[1] Rec. Doc. 282.

[2] *Id.* at 5.

[3] 18 U.S.C. § 3582(c)(1)(A).

1

attempted bank robbery on December 24, 2011 (Count 6).[4] A jury trial in this matter commenced on June 24, 2013.[5] After a six day trial, the jury found Saunders guilty of Counts 1, 2, 3, 4, and 6, and acquitted him on Count 5.[6]

On July 15, 2013, Saunders filed a "Motion for a New Trial,"[7] which the Court denied on November 13, 2013.[8] On January 30, 2014, the Court sentenced Saunders to a term of 60 months imprisonment as to Count 1, 168 months imprisonment as to Count 2 to run concurrently, 60 months imprisonment as to Count 3 to run consecutively, 168 months imprisonment at to Count 4 to run concurrently, and 168 months imprisonment as to Count 6 to run concurrently, for a total term of 228 months imprisonment.[9] Saunders filed a timely Notice of Appeal.[10] On April 13, 2015, the United States Fifth Circuit Court of Appeals affirmed Saunders's conviction and sentence.[11] BOP records reflect that Saunders is currently housed at Federal Correctional Institution Oakdale I.[12] His projected release date is April 21, 2027.[13]

On December 21, 2021, Saunders filed a *pro se* motion for compassionate release pursuant

---

[4] Rec. Doc. 8.

[5] Rec. Doc. 124.

[6] Rec. Doc. 134-3.

[7] Rec. Doc. 140.

[8] Rec. Doc. 181.

[9] Rec. Doc. 193 at 2.

[10] Rec. Doc. 198.

[11] Rec. Doc. 219.

[12] Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 25, 2025).

[13] *Id.*

to Section 3582(c)(1)(A).[14] On January 13, 2022, the government filed an opposition to the motion for compassionate release.[15] On January 26, 2022, Saunders filed a reply brief in further support of the motion.[16] On January 27, 2022, the Court denied Saunders's motion for compassionate release.[17]

On February 18, 2022, Saunders filed a motion for reconsideration of the Court's January 27, 2022 Order.[18] On March 11, 2022, the Court denied the motion for reconsideration.[19]

On January 18, 2023, Saunders filed another Motion for Compassionate Release.[20] On February 27, 2023, the Court denied the motion.[21]

On September 23, 2025, Saunders filed the instant Motion for Compassionate Release.[22] In the motion, Saunders asserts that the Court should grant compassionate release and reduce his sentence because he is serving an "unusually long sentence."[23] Saunders also contends his sentence is being "unconstitutionally applied."[24] Finally, he argues that his rehabilitation while incarcerated

---

[14] Rec. Doc. 264.

[15] Rec. Doc. 266.

[16] Rec. Doc. 270.

[17] Rec. Doc. 269 (signed January 26, 2022; docketed January 27, 2022).

[18] Rec. Doc. 271.

[19] Rec. Doc. 273.

[20] Rec. Doc. 279.

[21] Rec. Doc. 280.

[22] Rec. Doc. 282.

[23] *Id.* at 5.

[24] *Id.*

3

justifies his release.[25]

## II. Law and Analysis

Generally, a "court may not modify a term of imprisonment once it has been imposed."[26] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[27]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure";[28] or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[29]

This is the fourth time that Saunders has moved the Court to reduce his sentence under Section 3582(c)(1)(A).[30] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[31] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[32] In 2018, Congress passed, and the President signed into law, the First Step Act.[33] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[34]

---

[25] *Id.*

[26] 18 U.S.C. § 3582(c)(1).

[27] *Id.* § 3582(c)(1)(A).

[28] *Id.* § 3582(c)(1)(B).

[29] *Id.* § 3582(c)(2).

[30] *See* Rec. Docs. 264, 271, 279, 282.

[31] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[32] *Id.*

[33] *See id.*

[34] *See id.*

Yet, before filing a compassionate release motion directly with a court, a prisoner must exhaust the administrative requirements under Section 3582(c)(1)(A).[35] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[36] Finally, the Court must "also consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[37]

It is unclear whether Saunders has exhausted the administrative requirements for compassionate release by filing a request for release with the Bureau of Prisons. Saunders filed a request for compassionate release with the warden of his facility on October 31, 2021, which was denied by the warden on November 19, 2021.[38] However, that request was based on his vulnerability to COVID-19. Therefore, Saunders has not established that he exhausted the administrative requirements with respect to this request for compassionate release.

Even assuming that the exhaustion requirement is satisfied, a district court may only reduce

---

[35] *See* 18 U.S.C. § 3582(c)(1)(A).

[36] *Id.*

[37] *Id.*

[38] Rec. Doc. 264 at 2 (citing Rec. Doc. 264-1; Rec. Doc. 264-2).

a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[39] Section 1B1.13 of the United States Sentencing Guidelines is the applicable policy statement. Section 1B1.13 defines the term "extraordinary and compelling reasons" to include certain medical circumstances of the defendant, the age of the defendant, family circumstances of the defendant, when the defendant was a victim of abuse, other reasons of similar gravity, and when the defendant received an unusually long sentence.[40] The Fifth Circuit defines the term "extraordinary" as "beyond or out of the common order," "remarkable," and synonymous with "singular."[41] The Fifth Circuit defines the term "compelling" as "to drive or urge with force, or irresistibly," "to force," and "to subjugate."[42] The defendant must show that he "face[s] some extraordinary severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner."[43]

In support of this motion, Saunders cites significant rehabilitation efforts he has made while incarcerated. Although Saunders's rehabilitation efforts while incarcerated are commendable, "[r]ehabilitation of a defendant is not an extraordinary and compelling reason standing alone . . . in determining whether relief is warranted."[44]

Saunders also mentions the length of his sentence, but this is not an extraordinary and

---

[39] *Id.*

[40] U.S.S.G. § 1B1.13 (2024).

[41] *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

[42] *Id.*

[43] *Id.*

[44] *United States v. Cordoba*, No. 24-10599, 2025 WL 799354, at *1 (5th Cir. Mar. 13, 2025).

compelling reason to justify his release. United States Sentencing Guidelines, Section 1B1.13(b)(6) provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In 2013, Saunders was sentenced to serve 228 months in prison. Saunders does not cite any change in the law that should be considered in determining whether he presents an extraordinary and compelling reason for release. Saunders has not demonstrated that he is not serving the kind of "unusually long sentence" as is envisioned by the amendment to the Sentencing Guidelines as a basis for compassionate relief. Therefore, Saunders has not demonstrated that compassionate release is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Myron Saunders's Motion to Reduce Sentence Under 18 U.S.C. 3582(c)(1)(A)[45] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 23rd day of October, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[45] Rec. Doc. 282.